[No. 13143.   Department One. — June 23, 1891.]

## THOMAS BAIRD, APPELLANT, *v.* MILFORD LAND AND LUMBER COMPANY, RESPONDENT.

LEASE FOR LUMBERING PURPOSES — CONSTRUCTION — AMOUNT OF RENTAL. — Under a lease for general lumbering purposes, providing that the lessee should cut and remove all the merchantable timber fit for saw-logs, at the rate of at least one million five hundred thousand feet the first year and two million feet every year thereafter, and pay therefor one dollar per thousand feet, the payments to be made in equal quarterly installments each year, provided, however, that if they should not remove the amount of timber specified to be taken in any one year, they should nevertheless pay therefor and remove the same in any subsequent

year without further charge or pay, the lease to continue twenty years, with the privilege of renewal at a rent of ten dollars a year in addition to "the stumpage rent hereby reserved," the lessor is entitled only to the value of the merchantable timber on the land fit for saw-logs at one dollar per thousand, payable in the quarterly payments fixed by the lease until the whole of such timber is paid for, and is not entitled to recover the quarterly payments, as rent or royalty, during the whole time that the lessee is in possession, whether the timber has been removed or not, after the amount of such rental equals the value of all of the merchantable timber fit for saw-logs.

ID. — RENEWAL — BAD FAITH — NEGLIGENCE. — Under the terms of the contract, if at the end of the first term all the timber shall have been removed from the land, or if not removed, it be made to appear that the failure to remove it was caused by bad faith, negligence, or want of diligence, it seems that the lessees are not given the right of renewal for an additional term at a rental of ten dollars per year, whatever may be the meaning of the expression "stumpage rent hereby reserved."

ID. — PERCENTAGE FOR WASTE. — In an action to recover the rent due under the lease, the refusal of the court to add ten per cent for waste in sawing to the amount of merchantable timber found by the jury to be on the land is not error.

APPEAL from a judgment of the Superior Court of Humboldt County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*John A. McQuaid, John R. Jarboe,* and *J. H. Henderson,* for Appellant.

*S M. Buck,* for Respondent.

PATERSON, J. — On April 21, 1875, plaintiff and defendant's assignors entered into an agreement by the terms of which the former leased unto the parties of the second part certain lands for general lumbering purposes. The contract provides: "Said parties of the second part hereby agree and bind themselves to cut and remove from said land all of the merchantable timber fit for saw-logs on said land, as follows: The first year, at least fifteen hundred thousand feet, board measure, and each and every year thereafter, two million feet,

board measure, and as much more as they may think proper, and pay said party of the first part therefor one dollar in United States gold coin for each and every thousand feet, board measure, of merchantable lumber so as aforesaid to be by them taken from said land; such payments to be made in equal installments, quarterly, each year; provided, however, that if said parties of the second part do not remove the amount of timber above specified to be taken in any one year, they shall, nevertheless, pay therefor; and they may remove the same in any subsequent year, *without further charge or pay.* . . . . The term of this lease and the rights hereby granted shall be and continue twenty years from the date hereof, and at the expiration of said term said parties of the second part may, at their option, renew this lease for such length of time as they shall choose, on making a written demand of said party of the first part, and on paying rent, at the rate of ten dollars per year, in addition to the stumpage rent hereby reserved for each year the same shall be occupied under such renewed lease for lumbering or milling purposes."

Plaintiff contends that under this contract he is entitled to recover five hundred dollars quarterly as rent or royalty, so long as the defendant remains in possession of the land under the contract, whether the timber has been removed or not. The court below held that the defendant was liable only for the value of the merchantable timber fit for saw-logs at one dollar per thousand, and gave judgment in favor of the plaintiff for $3,343, — the value, at one dollar per thousand, of the timber remaining on the land and not paid for, — with interest thereon and costs of suit. Plaintiff moved for a new trial, claiming that the court ought to have given him a judgment for five thousand dollars, the amount of rent at two thousand dollars per annum since the last payment. The motion was denied, and plaintiff appealed from the order and from the judgment.

We think the court properly construed the contract, and that the judgment is correct.

Whatever may be the rights or liabilities of either of the parties at the end of the term of twenty years, under the clause providing for a renewal, we think it clear that plaintiff sold all the merchantable timber fit for saw-logs at one dollar per thousand feet, and gave the parties of the second part and their assigns twenty years in which to remove the same.  There is nothing in the language of the clause which fixes the liability of the defendant, indicating an intention to provide for a dead or sleeping rent.  The price of the lumber is the sole consideration named, and to guard against any misunderstanding, apparently, it is expressly provided that timber, which has been paid for in the payment of the quarterly installments, but not removed, may be removed " in any subsequent year, *without further charge or pay*."  Mills had to be built and roads constructed.  It was uncertain how fast the timber could be cut, sawed, and marketed.  The parties of the second part were given twenty years in which to remove it, but plaintiff protected himself against unnecessary delay by a provision that the timber should be paid for in regular installments, commencing with the first quarter of the first year of the lease, whether it was removed or not.  The timber was the basis of his compensation, and he evidently did not care how long the lessees might take to remove it, so long as it was promptly paid for.  They might remove it all in a year, if they desired; but in any event the plaintiff should be paid fifteen hundred dollars the first year and two thousand dollars every subsequent year, until all of it should be paid for at one dollar per thousand.

Appellant asks, "Suppose the defendant was still in possession and had never cut a stick of timber, . . . . admitted the lease, but said there was not and never had been any timber upon the land; . . . . what distinction can there be, in principle, between the cases of the land

being originally devoid of timber and having become so during the term?" That is not a supposable case. We are construing the contract, and must consider all the circumstances as they appeared to the parties. There was a large amount of timber on the land, and it was all visible when the contract was made. In this respect, as well as in the terms used, the contract differs from the mining contracts in the cases cited by appellant.

Whether the defendants will be entitled to a renewal of the lease at the end of the twenty years, if at that time all the timber shall have been removed from the land, or if not removed, it be made to appear that the failure to remove it was caused by bad faith, negligence, or want of diligence, we are not called upon to determine; but it would seem that under such circumstances a fair interpretation of all the terms of the contract would not give the defendants the right to renew the contract for an additional term at a rental of ten dollars per year, whatever may be the meaning of the expression "stumpage rent hereby reserved."

Although appellant does not discuss the matter, and it is therefore unnecessary to notice it, we think that the court did not err in refusing to add ten per cent for waste in sawing to the amount of timber found by the jury to be on the land.

The judgment and order are affirmed.

GAROUTTE, J., and SHARPSTEIN, J., concurred.

Hearing in Bank denied.